IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WIRELESS MOBILE DEVICES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE CORPORATION; ZTE (USA) INC.; SPRINT NEXTEL CORPORATION; SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; and T-MOBILE US, INC.,<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff Wireless Mobile Devices LLC files this Original Complaint against ZTE Corporation; ZTE (USA) Inc.; Sprint Nextel Corporation; Sprint Solutions, Inc.; Sprint Spectrum L.P.; and T-Mobile US, Inc. (collectively, "Defendants") for infringement of U.S. Patent No. 6,560,604 ("the '604 patent"); U.S. Patent No. 7,082,365 ("the '365 patent"); U.S. Patent No. 7,856,315 ("the '315 patent"); and/or U.S. Patent No. 7,321,826 ("the '826 patent").

THE PARTIES

1.  Wireless Mobile Devices LLC is a Texas limited liability company with its principal place of business in Plano, Texas.

2.  ZTE Corporation is a People's Republic of China corporation with its principal place of business in Shenzhen, P.R.C. On information and belief, this Defendant may be served with process at its principal place of business at No. 55, Hi-tech Road South, Shenzhen, P.R.C.

3. ZTE (USA) Inc. (with ZTE Corporation, "ZTE") is a New Jersey corporation with its principal place of business in Richardson, Texas. This Defendant may be served with process in Texas through its registered agent, Li Mo, 4585 Spencer Drive, Plano, Texas 75024.

4. Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas. This Defendant may be served with process in Kansas through its registered agent, Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

5. Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia. This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6. Sprint Spectrum L.P. (with Sprint Nextel Corporation and Sprint Solutions, Inc., "Sprint"), is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. T-Mobile US, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. This Defendant may be served with process in Delaware through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**JURISDICTION AND VENUE**

8. Wireless Mobile Devices LLC brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving its accused products in this judicial district, and/or has regular and established places of business in this judicial district.

10.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,560,604)

11.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 10 herein by reference.

12.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

13.     Wireless Mobile Devices LLC is the exclusive licensee of the '604 patent, entitled "System, method, and apparatus for automatically and dynamically updating options, features, and/or services available to a client device," with ownership of all substantial rights in the '604 patent. Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the

exclusive right to exclude Defendants and exclusive right to sue Defendants. A true and correct copy of the '604 patent is attached as Exhibit A.

14. The '604 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. ZTE has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force and the ZTE Avid 4G. ZTE and persons who acquire and use such devices, including ZTE's customers, have, at a minimum, directly infringed the '604 patent, and ZTE is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

16. Sprint has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force. Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '604 patent, and Sprint is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

17. T-Mobile has directly infringed and continues to directly infringe one or more claims of the '604 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Avid 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's

4

customers, have, at a minimum, directly infringed the '604 patent, and T-Mobile is thereby liable for direct infringement of the '604 patent pursuant to 35 U.S.C. § 271.

18. Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,082,365)

19. Wireless Mobile Devices LLC incorporates paragraphs 1 through 18 herein by reference.

20. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

21. Wireless Mobile Devices LLC is the exclusive licensee of the '365 patent, entitled "Point of interest spatial rating search method and system," with ownership of all substantial rights in the '365 patent. Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants. A true and correct copy of the '365 patent is attached as Exhibit B.

22. The '365 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

23. ZTE has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including

at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force and the ZTE Avid 4G. ZTE and persons who acquire and use such devices, including ZTE's customers, have, at a minimum, directly infringed the '365 patent, and ZTE is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

24. Sprint has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force. Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '365 patent, and Sprint is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

25. T-Mobile has directly infringed and continues to directly infringe one or more claims of the '365 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Avid 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '365 patent, and T-Mobile is thereby liable for direct infringement of the '365 patent pursuant to 35 U.S.C. § 271.

26. Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for

Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,856,315)

27. Wireless Mobile Devices LLC incorporates paragraphs 1 through 26 herein by reference.

28. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

29. Wireless Mobile Devices LLC is the exclusive licensee of the '315 patent, entitled "Method and system for enabling an off board navigation solution," with ownership of all substantial rights in the '315 patent. Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants. A true and correct copy of the '315 patent is attached as Exhibit C.

30. The '315 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. ZTE has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force and the ZTE Avid 4G. ZTE and persons who acquire and use such devices, including ZTE's customers, have, at a minimum, directly infringed the '315 patent, and ZTE is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

32.     Sprint has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force and the ZTE Avid 4G. Sprint and persons who acquire and use such devices, including Sprint's customers, have, at a minimum, directly infringed the '315 patent, and Sprint is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

33.     T-Mobile has directly infringed and continues to directly infringe one or more claims of the '315 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Avid 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '315 patent, and T-Mobile is thereby liable for direct infringement of the '315 patent pursuant to 35 U.S.C. § 271.

34.     Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,321,826)

35.     Wireless Mobile Devices LLC incorporates paragraphs 1 through 34 herein by reference.

36.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

37.     Wireless Mobile Devices LLC is the exclusive licensee of the '826 patent, entitled "Point on interest spatial rating search," with ownership of all substantial rights in the '826 patent. Wireless Mobile Devices LLC has the exclusive right to exclude others and the exclusive right to enforce, sue and recover damages for the past and future infringement, including the exclusive right to exclude Defendants and exclusive right to sue Defendants. A true and correct copy of the '826 patent is attached as Exhibit D.

38.     The '826 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

39.     ZTE has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force and the ZTE Avid 4G. ZTE and persons who acquire and use such devices, including ZTE's customers, have, at a minimum, directly infringed the '826 patent, and ZTE is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

40.     Sprint has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Sprint Force. Sprint and persons who acquire and use such devices, including Sprint's customers, have,

at a minimum, directly infringed the '826 patent, and Sprint is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

41. T-Mobile has directly infringed and continues to directly infringe one or more claims of the '826 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communication devices including, without limitation, the ZTE Avid 4G. T-Mobile and persons who acquire and use such devices, including T-Mobile's customers, have, at a minimum, directly infringed the '826 patent, and T-Mobile is thereby liable for direct infringement of the '826 patent pursuant to 35 U.S.C. § 271.

42. Wireless Mobile Devices LLC has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Wireless Mobile Devices LLC in an amount that adequately compensates Wireless Mobile Devices LLC for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

43. Wireless Mobile Devices LLC incorporates paragraphs 1 through 42 herein by reference.

44. On information and belief, each of Sprint and T-Mobile has purchased or otherwise obtained from ZTE devices for sale, resale and/or distribution to consumers that are the subject of Counts I, II, III and/or IV. Thus, for these Counts, the right to relief against Sprint and/or T-Mobile is asserted jointly, severally or in the alternative against ZTE.

45. The alleged infringement of Counts I through IV arises out of the same transaction, occurrence or series of transactions or occurrences relating to the testing, making,

using, offering for sale, selling and/or importing of the ZTE devices that are the subjects of Counts I through IV.

46. Questions of fact common to all Defendants will arise in this action including, for example, infringement by the ZTE devices.

47. Thus, joinder of ZTE, Sprint and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

Wireless Mobile Devices LLC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wireless Mobile Devices LLC requests that the Court find in its favor and against Defendants, and that the Court grant Wireless Mobile Devices LLC the following relief:

a. Judgment that one or more claims of the '604, '365, '315 and/or '826 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Wireless Mobile Devices LLC all damages to and costs incurred by Wireless Mobile Devices LLC because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to Wireless Mobile Devices LLC a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Wireless Mobile Devices LLC be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

e. That Wireless Mobile Devices LLC be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  May 17, 2013**                                         Respectfully submitted,

/s/ Barry J. Bumgardner
Barry J. Bumgardner
Texas State Bar No. 00793424
Attorney-in-Charge
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
barry@nbclaw.net

**Attorney for Plaintiff
Wireless Mobile Devices LLC**